PASCUAL HERNÁNDEZ, peticionario, *v.* TRIBUNAL DEL DISTRITO JUDICIAL DE SAN JUAN, HON. PEDRO SANTOS BORGES, JUEZ SUSTITUTO, y JOAN DORSA, recurridos.

Núm. 98.—*Sometido:* Junio 5, 1950. *Resuelto:* Junio 16, 1950.

*Wilson P. Colberg* y *Sarah Torres Peralta,* abogados del peticionario; *E. Martínez Rivera,* abogado de Joan Dorsa, recurrida.

EL JUEZ PRESIDENTE SEÑOR DE JESÚS emitió la opinión del tribunal.

Allá para el 9 de marzo de 1950, el Honorable P. Santos Borges, Juez del Tribunal de Expropiaciones de Puerto Rico, se hallaba actuando como juez en el Tribunal del Distrito Judicial de San Juan, Sección de lo Civil, a virtud de designación que le hiciera el Procurador General, de conformidad

con la Ley núm. 223 de 15 de mayo de 1948.(¹)    Con ese motivo conoció de una petición de hábeas corpus (civil número 50–747) radicada por Joan Dorsa contra Pascual Hernández Díaz, para que le fueran entregados sus hijos menores de edad Frank y John, que alegó se hallaban ilegalmente bajo la custodia del demandado.    El referido Juez dictó sentencia por estipulación el 29 de marzo de 1950, la cual fué notificada a las partes el 20 de abril siguiente.    En dicha sentencia ordenó la entrega de los menores a la madre, sujeta a ciertas condiciones que es innecesario consignar aquí.    Antes de que se expidiese orden de ejecución, el demandado, a pesar de que los menores se hallaban bajo su custodia, con fecha 1ro. de mayo de 1950, radicó una moción consignando los $150 que a virtud de la sentencia, mensualmente debía entregar a la demandante para casa y alimentos de los menores.    Posteriormente, el 16 de mayo, radicó una segunda moción desistiendo de la anterior, solicitando que por el Secretario del Tribunal le fuera devuelta la cantidad de $150 antes mencionada.    La demandante, a su vez, el 1ro. de mayo, radicó una moción solicitando la ejecución de la sentencia.    La segunda moción del demandado y la de la demandante fueron señaladas para ser vistas el 19 de mayo ante el Juez P. Santos Borges.    Dos días antes del fijado para la vista de dichas mociones, el demandado presentó una moción impugnando la jurisdicción del referido juez para conocer de las mociones.

La alegada falta de jurisdicción consistió en que el Honorable Antonio R. Barceló se había reintegrado a sus funcio-

---

(¹) El artículo 1 de la Ley núm. 223 de 1948 ((1) pág. 775), en lo pertinente, dice:

    "·    ·    ·    ·    ·    ·    ·    ·

    "Los Jueces del Tribunal de Expropiaciones podrán ser designados por el Procurador General, cuando las circunstancias así lo requieran, para actuar como Juez en el Tribunal del Distrito Judicial de San Juan o en cualquier Corte de Distrito, y cuando fueren así designados dichos Jueces tendrán jurisdicción, facultad y competencia para conocer de cualquier asunto civil, criminal o especial que corresponda y sea de la competencia de dicho Tribunal del Distrito Judicial de San Juan y de las Cortes de Distrito de Puerto Rico, y retendrán jurisdicción hasta la resolución final de los asuntos de que como tales Jueces de Distrito así hubieran conocido."

nes en la Sala de Relaciones de Familia del Tribunal del Distrito Judicial de San Juan y en que el Juez Santos Borges había dictado sentencia final en el caso de hábeas corpus desde el 29 de marzo de 1950. Esta moción fué discutida ante dicho juez, quien la declaró sin lugar.

Para impedir que el referido juez continuara conociendo de los incidentes posteriores a la sentencia, radicó el demandado en este Tribunal la petición de auto inhibitorio que nos ocupa. Lo expedimos y oímos a las partes oralmente y por escrito.

■■ La designación de un juez del Tribunal de Expropiaciones de Puerto Rico para actuar en el Tribunal del Distrito Judicial de San Juan o en cualquier corte de distrito, con arreglo al artículo 1 de la Ley núm. 223 de 15 de mayo de 1948, no está circunscrita a sustituir a un juez durante su ausencia o incapacidad. Procede tal designación aunque el juez de distrito en propiedad esté actuando, siempre que las circunstancias así lo requieran. (Véase la nota 1.)

En el presente caso, la comunicación del Honorable Procurador General designando al referido juez del Tribunal de Expropiaciones para actuar en el Tribunal del Distrito Judicial de San Juan, decía así:

"Por conveniencia del servicio, por la presente designo a usted Juez Adicional del Tribunal del Distrito Judicial de San Juan, para actuar en la Sección de lo Civil a partir del lunes 13 de los corrientes, [febrero de 1950] y hasta nueva orden."

El hecho de que el referido juez se hubiera reintegrado al Tribunal de Expropiaciones después de dictada la sentencia final, no afecta su jurisdicción para conocer de los incidentes posteriores en el presente caso, toda vez que el mismo juez recibió una nueva designación para actuar desde el 2 de junio en el Tribunal del Distrito Judicial de San Juan, Sala de lo Criminal.

Ya hemos resuelto en *Portela* v. *Tribunal de Distrito*, 66 D.P.R. 279, que el Tribunal del Distrito Judicial de San Juan es uno, y que cada uno de sus jueces tiene jurisdicción

para conocer de cualquier asunto correspondiente a la jurisdicción de dicho tribunal, no obstante hallarse dividido en diversas secciones por conveniencia del servicio. Siendo ello así, mientras el juez del Tribunal de Expropiaciones de Puerto Rico, a virtud de la nueva designación esté actuando en el Tribunal del Distrito Judicial de San Juan tiene jurisdicción para conocer de dichos incidentes, con las mismas facultades que cualquiera de los jueces en propiedad del Tribunal del Distrito Judicial de San Juan.

*Procede anular el auto expedido.*

El Juez Asociado Sr. Snyder no intervino.